DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, included in its Answer filed with the court October 21, 2010. The court addressed that request with the parties during a telephone case management hearing on January 3, 2011, held by Magistrate Dan Robinson. Plaintiff appeared on her own behalf. Defendant was represented by Sandi Lyon, an auditor with the Oregon Department of Revenue (Department).
Plaintiff's appeal involves the 2007 tax year. Defendant increased Plaintiff's income by approximately $5000 to account for additional income received in 2007 by Plaintiff's estranged husband Lonnie Watson Jr. (Lonnie). Plaintiff explained that she was unaware that Lonnie had begun receiving Social Security because he did not tell her. The parties filed a joint tax return that year. Plaintiff does not dispute the addition of the income, but wishes to establish a payment plan because she cannot afford to pay the tax, which exceeds $500.
The court explained that it cannot help Plaintiff with a payment plan because it lacks jurisdiction over such matters. Taxpayers file their state tax returns with the Department as required by ORS 314.385, [1] and they are required to pay the tax at the time the return is due, per ORS 314.395. When the Department adjusts a taxpayer's return (for example, by adding *Page 2 
additional income), and additional taxes are owing, the taxpayer must either pay the deficiency (the tax plus interest and penalties, if any) within 30 days, or file a written objection with the Department. ORS 305.265(5)(b).
A taxpayer unable to promptly pay the total tax due in a lump sum payment may make arrangements with the Department for a payment plan. Payment plans are solely within the discretion of the Department, the defendant in this case. The Department's website ("www.oregon.gov/DOR/general_faqs.shtml") explains that the Department will make arrangements for payment plans for taxpayers unable to make the entire payment in one lump sum.
Defendant's representative agreed to send Plaintiff the form the Department uses (called a Financial Statement) for requesting a payment plan, and gave Plaintiff the toll-free telephone number Plaintiff can call to discuss a payment plan.
There are additional statutes and administrative rules that apply in certain limited circumstances that afford taxpayers the possibility of having their tax, penalty (if any), or interest reduced or waived. See generally ORS 305.145 (authorizing the Department of Revenue to waive or reduce certain taxes, penalties, and interest in accordance with established procedures); OAR 150-305.145(2) (prohibiting a taxpayer from appealing the decision of a Department of Revenue conference officer, regarding a discretionary request for waiver of the penalties or interest, to the Oregon Tax Court).
Finally, as a general matter, the tax court lacks the statutory authority to consider requests by taxpayers for a discretionary waiver of penalties or interest. ORS 305.560 (providing in relevant part for appeals to the Tax Court "[e]xcept for an order * * * denying the discretionary waiver of penalty or interest by the Department of Revenue[.]") In this case Plaintiff has not officially requested a waiver. However, if Plaintiff applies for a waiver of interest, the court cannot review the Department's decision. *Page 3 
For the reasons stated above, Defendant's request for dismissal of Plaintiff's appeal for 2007 is granted and Plaintiff's appeal is hereby dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed for lack of jurisdiction.
Dated this ___ day of January 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on January 31, 2011. The Court filed and entered thisdocument on January 31, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1